IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEKSO JOKHADZE,

        Petitioner,

v.

J.L. JAMISON, et al.,

        Respondents.

CIVIL ACTION
NO. 26-4633

**ORDER**

**AND NOW**, this 16th day of July 2026, upon consideration of Petitioner Lekso Jokhadze's Petition for Writ of Habeas Corpus (Doc. No. 1) and Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 3), it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1] It is **FURTHER ORDERED** as follows:

---

[1]   Petitioner Lekso Jokhadze ("Petitioner") is a citizen of Georgia who entered the United States on May 6, 2023. (Doc. No. 1 at 1.) On July 3, 2026, Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") agents. (Id. at 2.) Petitioner is currently at the Federal Detention center in Philadelphia. (Id. at 1.)

On July 3, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court. In that Petition, he asks the Court to order his release. (Id. at 3, 10.) On July 15, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition. (Doc. No. 3.) The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. (Doc. No. 1 at 8–10.) Respondents counter this submission by contending that Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See Doc. No. 3 at 1–2.) However, because (1) Petitioner's Due Process claims are predicated on his statutory claims, and (2) his detention has only lasted for a short duration, the Court will focus its analysis on Petitioner's statutory claims. See Kashranov v. Jamison, No. 25-cv-5555, 2025 WL 3188399, at *5 (E.D.

1) By July 28, 2026, Respondents must provide Petitioner with a bond hearing under 8 U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

---

Pa. Nov. 14, 2025) (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…").

Next, Respondents assert that their authority to detain Petitioner stems from 8 U.S.C. §1225(b)(2). (Doc. No. 3 at 1–2.) That distinction is critical because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

This Court previously addressed Respondents' contentions in Nogueira-Mendes v. McShane, No. 25-cv-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. While the Court has considered the Fifth and Eighth Circuits' contrary interpretation of the dueling INA provisions at issue here, the Court finds no reason to depart from its prior findings in Nogueira-Mendes or the chorus of unanimous rulings from Judges in this District. See Vimos v. Fed. Det. Ctr. Philadelphia, No. 26-cv-780, 2026 WL 381173, at *n.12 (E.D. Pa. Feb. 11, 2026) (rejecting the Fifth's Circuit holding in Buenrostro-Mendez); De Andrade v. Rose, No. 26-cv-603, 2026 WL 401189, at *5 (E.D. Pa. Feb. 12, 2026) (same). Consequently, here, the Court holds that only Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by July 28, 2026. If Respondents do not hold a bond hearing by July 28, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Lekso Jokhadze's Petition for Writ of Habeas Corpus (Doc. No. 1).

2) If Respondents fail to hold a bond hearing by July 28, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By July 31, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.